**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STACY SWIMP,

        Plaintiff,                  Case No.

-vs-                                       HON.

MARY BUSZEK,
JOHN DOE, and
CITY OF FLINT, a Municipal Corporation,

        Defendants.

_____/

**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600
john@alexanderandangelas.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

NOW COMES the above named Plaintiff, Stacy Swimp, by and through his attorney, the Law Offices of ALEXANDER & ANGELAS, P.C., and hereby complains against the above named Defendant as follows:

**I.      JURISDICTIONAL ALLEGATIONS:**

1. That at all pertinent times hereto, Plaintiff resided in the County of Genesee, State of Michigan.

2. That at all pertinent times hereto, Defendants Mary Buszek and John Doe resides in and/or works in the County of Genesee, State of Michigan.

3. That the amount in controversy is in excess of Seventy Five Thousand Dollars.

4. That this honorable court has jurisdiction to hear this matter as a constitutional question is involved, pursuant to 42 USC § 1983.

5. That this Honorable Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28USC § 1367.

6. That Defendant City of Flint is located in the County of Genesee, State of Michigan.

**II.     GENERAL ALLEGATIONS:**

7. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 6 above as though more fully set forth herein.

8. That the alleged purpose of said lie detector test was that he filed a complaint against his son's mother, Nicole Harrington, on or about September 5, 2017 for child abuse and neglect.

9. That this was in response to his son being tested positive for both cocaine and marijuana.

10. That Plaintiff requested this test after his son repeatedly came home smelling like marijuana.

11. That the child abuse neglect and abuse complaint was assigned to Detective Mary Buszek.

12. That on or about October 5, 2017, Plaintiff went to the Flint police station to complain that there was no excuse that he had not received a phone call from the assigned officer to the child abuse complaint which he filed, which was approximately one month prior.

13. That the City of Flint policewoman, whom Plaintiff complained to, went upstairs, and shortly thereafter returned to inform the Plaintiff that his case was assigned to Defendant Mary Buszek.

14. That on or about October 5, 2017, Defendant Buszek contacted the Plaintiff by telephone and she began yelling at him in a hostile and angry fashion and informed Plaintiff that he would need to take a lie detector test.

15. Defendant Buszek then abruptly hung up the phone.

16. That on or about October 6, 2017, Defendant Buszek again contacted the Plaintiff by telephone and in a hostile and angry fashion again demanded that Plaintiff take a lie detector test.

17. That on or about October 9, 2017, Defendant Buszek again contacted the Plaintiff by telephone and in a hostile and angry fashion again demanded that Plaintiff take a lie detector test.

18. That on or about October 16, 2017, Plaintiff voluntarily submitted to a lie detector test at the Michigan State Police station located at 4481 Corunna Rd, Flint, Michigan.

19. That the test administrator interviewed the Plaintiff for approximately 3 hours prior to giving the lie detector test.

20. That the test administrator then interviewed the Plaintiff for approximately one hour after the completion of the test.

21. That Plaintiff was informed by the test administrator that he failed the lie detector test and was free to leave.

22. That on his way out of the building, Plaintiff encountered two unknown City of Flint Police officers.

23. That after a friendly exchange, one of the officers indicated that he was under arrest for child endangerment and for failing a lie detector test.

24. That the unknown John Doe officer then violently yanked the Plaintiff's arms behind his back so that he could be handcuffed.

25. The Plaintiff was not read his Miranda rights.

26. That Defendant Mary Buszek then revealed herself and began yelling at the Plaintiff, and was apparent that she ordered the Plaintiff's arrest.

27. That the Plaintiff informed the Defendant that she had no right to talk to him that way.

28. Defendant Buszek angrily told Plaintiff that his problem was that he "talks too fucking much".

29. Defendant Buszek then told the arresting officers to "take his ass to the car".

30. While in the patrol car, Plaintiff informed the arresting officers that the cuffs were on way too tight and that his shoulders were hurting.

31. That in fact, Plaintiff tested negative for all narcotics by Quest Lab Test, and had said nothing in the interview to incriminate himself.

32. That during the arrest process, Defendant Mary Buszek began shouting at the Plaintiff to "shut-up" and talking to him as a common thug.

33. That Plaintiff was never read his Miranda rights during this arrest.

34. That Plaintiff was transported downtown in handcuffs by the City of Flint police officers.

35. That Plaintiff Stacy Swimp remained in handcuffs for at least 45 minutes to an hour after arriving at the downtown Flint police station.

36. That Defendant Mary Buszek finally came to the police station and asked the Plaintiff "you want to talk to me, Swimp?".

37. That Plaintiff replied that he had no problem with speaking with her since he is the one that filed the complaint and had nothing to hide.

38. That Defendant Mary Buszek then instructed the officers to take the handcuffs off the Plaintiff and take him to a room for Defendant Mary Buszek to conduct an interview.

39. Defendant Buszek then angrily informed the Plaintiff that he had "no fucking right to tell me how to do my job".

40. To which the Plaintiff replied "oh, that is what this is all about".

41. Defendant replied "fuck you."

42. That Defendant Mary Buszek asked Plaintiff if someone had read him his Miranda rights, to which Plaintiff indicated that they had not, and Defendant Mary Buszek advised that "I am sure they had".

43. That Defendant Mary Buszek then proceeded to read the Plaintiff his Miranda rights so that she could conduct the interview without an attorney present.

44. That Defendant Mary Buszek after grilling the Plaintiff with questions for more than an hour and chastising him for complaining to the department and others that the investigation had not pursued in a timely fashion, Defendant Mary Buszek told Plaintiff that he was free to go.

45. That Plaintiff told Defendant Buszek "I thought I was under arrest?", to which the Defendant replied "I never said that. You were detained for questioning"

## COUNT I

## 42 USC § 1983

## UNREASONABLE SEARCH AND SEIZURE – 4TH AMENDMENT

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 above as though more fully set forth herein.

47. That Defendants Mary Buszek and John Doe, at all relevant times hereto, were employed by the City of Flint Police Department.

48. That at all relevant times hereto, Defendants Mary Buszek and John Doe were acting under color of law.

49. That Plaintiff, Stacy Swimp, had a constitutional right pursuant to the Fourth Amendment to be free from arrest without probable cause.

50. That Defendant John Doe used excessive force during the arrest as Plaintiff did not resist, in violation of the 4th Amendment.

51. That Plaintiff was in fact, arrested without probable cause.

52. That the Plaintiff's rights pursuant to the 4th amendment of the consitituion were clearly established thereby negating potential claim of qualified immunity.

53. The Defendants' conduct was not objectively reasonable.

## COUNT II

## 42 USC § 1983 VIOLATION OF THE

## FIRST AMENDMENT RETALIATION

54. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 53 above as though more fully set forth herein.

55. That the First Amendment to the United States Constitution prohibits abridgment of the freedom of speech, and the First Amendment is incorporated against the States by the Fourteenth Amendment. Persons violating the First Amendment are liable pursuant to 42 USC § 1983.

56. That the First Amendment protects the right to express disagreement with a police officer, to question the correctness of a police officer's actions, and even to be rude to a police officer without fear of appraisal or retaliation.

57. Defendants, while acting under color of state law, violated Plaintiff's clearly established right against retaliation and violation of the First Amendment because Defendant's decision to charge Plaintiff with a crime was motivated, in whole or in part, by Plaintiff's constitutionally protected speech, thereby negating any potential claim of qualified immunity; and furthermore, Defendants' conduct was not objectively reasonable.

## COUNT III

## INTENTIONAL TORT – STATE LAW

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 above as though more fully set forth herein.

59. That the individual Defendants', conduct as outlined above was intentional.

60. That the individual Defendants' conduct was extreme and outrageous.

61. That the individual Defendants' conduct was not for any proper purpose.

62. That the individual Defendants' conduct caused severe emotional distress.

63. That Plaintiff suffered physical injuries and emotional distress, and economic damage as a result of the individual Defendants' intentional actions.

64. That there is no governmental immunity for the individual Defendants' intentional torts pursuant to MCL 691.1407(3).

## COUNT IV

## STATE LAW - BATTERY

65. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 64 above as though more fully set forth herein.

66. That the individual Defendants, intentionally and unlawfully subjected Plaintiff to an unwarranted touching when he was unlawfully arrested.

67. That the individual Defendants, are liable pursuant to MCL 691.1407(3).

## COUNT V

## (AS TO DEFENDANT CITY OF FLINT)

68. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 67 above as though more fully set forth herein.

69. That Defendant, City of Flint, failed to properly train its officers, including the individual Defendants, on the use of force and thus was deliberately indifferent to the constitutional rights of the Plaintiff and the citizens of Michigan, rendering Defendant City of Flint liable pursuant to 42 USC 1983.

70. That additionally, the individual Defendants, exhibited a pattern of constitutional violations prior to the arrest of the Plaintiff, which indicated notice of an obvious need for training of lawful arrests by the Defendant City of Flint, rendering Defendant City of Flint liable pursuant to 42 USC 1983.

71. That Defendant City of Flint, had an unconstitutional policy regarding arrest, rendering Defendant City of Flint liable pursuant to 42 USC 1983.

72. That in the absence of a specific policy, Defendant City of Flint, had a custom and practice regarding unconstitutional arrest, rendering Defendant City of Flint liable pursuant to 42 USC 1983.

73. That additionally, Defendant City of Flint failed to properly supervise the individual Defendants, thereby rendering Defendant City of Flint liable pursuant to 42 USC 1983.

## III.  DAMAGES

That as a proximate cause to the aforementioned violations of law, Plaintiff suffered all damages available under State and Federal law including but not limited to:

   a. Physical pain and suffering;
   b. Disability and disfigurement;
   c. Aggravation of a preexisting ailment or condition;
   d. Medical expenses;
   e. Loss of earning capacity past and future;
   f. Mental anguish;
   h. Fright and shock;
   i. Denial of social pleasures and enjoyments;
   j. Embarrassment, humiliation, or mortification;
   k. Exemplary damages;
   l. Punitive damages (Federal law); and,
   m. Attorney fees (Federal law).

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment against the Defendants herein for whatever amount he is entitled together with interest, costs, and attorney fees

        Respectfully submitted,

        Law Offices of
        ALEXANDER & ANGELAS, P.C.


        By: /s/ John T. Alexander
            JOHN T. ALEXANDER (P43789)
            Attorney for Plaintiff
            30200 Telegraph Road, Suite 400
            Bingham Farms, MI 48025
            (248) 290-5600

DATED: June 18, 2018

## **JURY DEMAND**

NOW COMES the above named Plaintiff, Stacy Swimp, by and through his attorneys, Law Offices of Alexander and Angelas, P.C., and hereby demands a trial by jury.

        Respectfully submitted,

        Law Offices of
        ALEXANDER & ANGELAS, P.C.


        By: /s/ John T. Alexander
            JOHN T. ALEXANDER (P43789)
            Attorney for Plaintiff
            30200 Telegraph Road, Suite 400
            Bingham Farms, MI 48025
            (248) 290-5600

DATED: June 18, 2018